DENNIS B. HILL, SBN 218131
D.B. HILL, A PROFESSIONAL LAW CORPORATION
605 Lincoln Blvd., Suite 200
Lincoln, California 95648
Phone: (916) 434-2553
Fax: (916) 434-2560
Dennis@DbhillLaw.com

Attorneys for Plaintiff ERIC J. SAVELL

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

ERIC J. SAVELL,

      Plaintiff,

  vs.

COSTCO WHOLESALE CORPORATION,

      Defendant.

Case No: 2:24-cv-01981-JAM-CSK

**STIPULATION AND ORDER MODIFYING PRETRIAL SCHEDULING ORDER (ECF No. 34)**

Plaintiff ERIC J. SAVELL, by and through his counsel of record, Dennis B. Hill with D.B. Hill, A Professional Law Corporation, and defendant DOREL HOME FURNISHINGS, INC., by and through its counsel of record, Rachel A. Remke with ArentFox Schiff L.L.P., hereby stipulate as follows:

1.  On February 13, 2024, Plaintiff ERIC J. SAVELL filed this action in the Superior Court of California, County of Sacramento, alleging claims arising from injuries sustained in connection with an allegedly defective ladder. On July 19, 2024, COSTCO WHOLESALE

STIPULATION AND ODER MODIFYING PRETRIAL SCHEDULING ORDER
- 1 -

CORPORATION removed the action to this Court. Thereafter, on September 16, 2024, the parties stipulated to allow Plaintiff to file a First Amended Complaint naming DOREL HOME FURNISHINGS, INC. as the only defendant. The First Amended Complaint was filed on September 26, 2024.

2.  Plaintiff alleges that the subject ladder was defective and caused serious injuries, including a broken jaw and traumatic brain injury. Defendant denies that the ladder was defective and denies that any alleged defect caused Plaintiff's claimed injuries. The allegations and defenses remain highly contested.

3.  The Court previously entered a Pretrial Scheduling Order and later continued the trial and related dates. Under the current operative schedule, the jury trial is set for December 7, 2026, with the final pretrial conference set for October 9, 2026.

4.  Since the most recent scheduling order, the parties have continued to diligently litigate this matter and complete expert discovery. Defendant served notices and thereafter took the depositions of Plaintiff's experts Michael O'Connor and Jason Fries in May 2026. Defendant's notices requested each expert's complete case file, photographs/videos, reports, demonstratives, billing records, and other materials relied upon or created in connection with this case.

5.  Plaintiff's expert work has included analysis of the subject ladder's locking mechanism, including issues relating to whether the ladder provided adequate visual and tactile cues to confirm the ladder was properly locked before use. Plaintiff's expert work also included demonstrative and video evidence concerning the ladder's operation and locking mechanism. Defendant's rebuttal expert report specifically addresses and disputes the opinions of Plaintiff's experts Jason Fries and Michael O'Connor, including opinions concerning the

ladder's locking mechanism, instructions, warnings, and setup process.

6. The parties previously participated in mediation but were unable to resolve the matter at that time. However, following the completion of additional expert discovery, including the depositions of Michael O'Connor and Jason Fries, counsel have continued to discuss resolution and believe there is now a meaningful opportunity to renew settlement discussions based on a more complete evidentiary record.

7. The parties seek this continuance in good faith to allow them to pursue settlement without unnecessarily incurring additional expert-deposition, dispositive motion, pretrial, and trial-preparation expenses. If the matter does not resolve, Plaintiff intends to proceed with remaining expert discovery, including the depositions of Defendant's experts. A continuance is therefore necessary to allow the parties sufficient time to complete the remaining expert discovery and prepare the case for trial if settlement is not reached.

8. The parties agree that good cause exists under Federal Rule of Civil Procedure 16(b)(4) to continue the current trial date and related deadlines. The requested continuance is jointly sought, will not prejudice any party, and will promote judicial economy by allowing the parties to meaningfully pursue settlement before incurring additional litigation expenses.

9. Accordingly, the parties respectfully request that the Court continue the current December 7, 2026 trial date to **February 1, 2027**, or to the next available date convenient for the Court, and continue all related deadlines accordingly.

NOW, THEREFORE, the parties submit the following stipulation and request that the Court modify the scheduling order as follows:

A. Dispositive Motion Filing Deadline: **August 7, 2026**

B. Dispositive Motion Hearing Date: **October 6, 2026, at 1:00 p.m.**

C. Fact Discovery Deadline: No change; closed April 3, 2026

D. Initial Expert Disclosure Date: No change; passed February 20, 2026

E. Rebuttal Expert Disclosure Date: No change; passed March 9, 2026

F. Final Pretrial Conference: **December 4, 2026, at 10:00 a.m.**

G. Jury Trial: **February 1, 2027, at 9:00 a.m.**

IT IS SO STIPULATED.

Dated May 28, 2026

_/s/ Dennis B. Hill_
Dennis B. Hill, Attorney for Plaintiff ERIC J. SAVELL

Dated May 28, 2026

_/s/ Rachel A. Remke_
Rachel A. Remke, Attorney for DOREL HOME FURNISHINGS, INC.

STIPULATION AND ODER MODIFYING PRETRIAL SCHEDULING ORDER
- 4 -

## ORDER MODIFYING PRETRIAL SCHEDULING ORDER

After review of the parties' stipulation, the Pretrial Scheduling Order is **MODIFIED** as follows:

A.  Dispositive Motion Filing Deadline: **August 07, 2026**

B.  Dispositive Motion Hearing Date: **October 06, 2026, at 1:00 p.m.**

C.  Fact Discovery Deadline: No change; closed April 3, 2026

D.  Initial Expert Disclosure Date: No change; passed February 20, 2026

E.  Rebuttal Expert Disclosure Date: No change; passed March 9, 2026

F.  Final Pretrial Conference: **December 04, 2026, at 10:00 a.m.**

G.  Jury Trial (5-7 days): **February 01, 2027, at 9:00 a.m.**

All other instructions contained in the Pretrial Scheduling Order (ECF No. 16) entered on February 19, 2025, shall remain in effect.

Dated: June 03, 2026    _____
JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE